IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH D. PROPHET,

    Petitioner,                    No. CIV S-07-0670 MCE CMK P

    vs.

DIRECTOR OF CORRECTION OF CALIFORNIA, et al.,

    Respondents.              ORDER &amp;

_____/      FINDINGS &amp; RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

1

1    After reviewing the petition for habeas corpus, the court finds that petitioner has
2 failed to exhaust state court remedies.  Petitioner states that "other than a direct appeal from the
3 judgement of conviction and sentence" he has filed petitions with the "United States District
4 Court, Eastern District of California."  (Pet. at 3.)  Petitioner specifically directs the court to two
5 cases: S-06-2822 FCD EFB and S-06-2160 MCE CMK.[1]  Petitioner's claims have have not been
6 presented to the California Supreme Court.  Further, there is no allegation that state court
7 remedies are no longer available to him.  Before filing a petition in federal court, the petitioner
8 <u>must</u> exhaust his petition–meaning he must allow the California state courts a chance to consider
9 his claims.   Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a
10 writ of habeas corpus be dismissed for failure to exhaust state remedies. [2]
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///

---

[1] This case was dismissed for failure to exhaust administrative remedies.

[2] Petitioner has not named the proper respondent in this matter.  "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  In the instant action, petitioner has named the director of corrections of California.  This individual is not the proper respondent in this action.  Petitioner is cautioned that should he return to this court after exhaustion, he should name the proper respondent.  Failure to do so will result in the dismissal of the petition with leave to amend.  See <u>Stanley</u>, 21 F.3d at 360.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 24, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE